Hibbard, P. J.
The plaintiff brought an action against the defendant and named Howard S. Palmer, James Lee Loomis and Henry B. Sawyer, trustees of the New York, New Haven & Hartford Railroad Company, as trustees. The attorneys for the plaintiff obtained written authority of a Justice of the Central District Court of Worcester to make an attachment of the wages due the defendant from the trustees. This authority upon a form provided by said Court was attached to the writ prior to service. A constable prepared a copy of so much of the writ as appears on the face thereof. From an inspection, the writ was in the prescribed form. He did not however include or attach thereto a copy of the authorization of attachment. The case was presented to the court upon an agreed statement of facts which included those above set forth. The alleged trustees filed a plea in abatement setting forth that the purported copies served upon them failed to show approval by *274 a justice authorizing attachment of the wages of the defendant and that without evidence of such judicial approval such processes were a nullity in law. They therefore requested they be not held to answer to the plaintiff’s writ.
The plaintiff seasonably submitted three requests for rulings as follows:
“1. That upon the report including the facts set forth in the ‘case stated’ the ‘Plea in Abatement’ is not tenable. 2. That as a. matter of law the Writ, a copy of which was served upon the' Trustees, conformed in all respects to the provisions of the General Laws thereto. 3. In the absence of any action by the Supreme Court amending and modifying the Trustee Writ, there is no authority in law for the amending, alteration or modification of the original Writ, the copy of which was served upon the Trustees.”
The Court denied said requests and made the following findings and rulings:
‘ ‘ I find that under the case stated, the copy of trustee writ served upon the trustees was not a true copy of the original trustee writ, since there was not included in said copy the judicial authorization of attachment, which had been endorsed on back of and thus made part of original trustee writ.
“I find therefore that this was not a proper service upon the alleged trustee as required by law and that such service was a nullity in law.
“I therefore allow Trustees’ Plea in Abatement and as requested therein order that alleged trustees need not be held to answer to the Plaintiff’s writ, that the trustees be discharged and allowed their costs.
“Under the above findings, I refuse the first of Plaintiff’s requests for rulings. With reference to second request, though I find that the original writ with above judicial authorization annexed thereto conformed in all respects to provisions of General Laws, I refuse said second request as not a true statement since I find as set forth above, that a copy of the writ was not served upon the trustees as alleged in said second request.
*275 “I refuse also the third request as immaterial as I do not find that there was any amending, alteration or modification of the original writ, that the endorsement upon the writ of the written permission to attach wages cannot be considered as an amendment, alteration or modification of the original writ but as an integral part thereof. If however said endorsement be considered as an amendment, alteration or modification of the original writ, I refuse said request as said endorsement was in fact in compliance with General Laws, Chap. 246, sec. 32, P. 8'” (Cl. 8) “amended or added by Acts of 1938, Chap. 343, and was therefore authorized by law.”
The plaintiff being aggrieved presents the case to this Division for determination.
It was stated at the bench that it was not disputed the officer was obligated to make a true copy of the writ and serve such upon the trustees in the action. Gen. Laws, Chap. 246, See. 4A.
Chapter 223, section 16, provides inter alia:
“Original writs shall be in the form heretofore established by law and by the usage and practice of the courts. If changes in their form are necessary in order to adapt them to changes in the law or for any other sufficient reason, the. courts may make such changes subject to the final control of the Supreme Judicial Court which may by general rule regulate such changes in all courts.”
The form of trustee writs now in use and heretofore established by general rule contains no reference to the statutory requirement of authorization prior to bringing a trustee writ which seeks to hold wages in the hands of a trustee. The requirement of authorization is found in General Laws, Ch. 246, sec. 32, clause 8, providing:
“No person shall be adjudged a trustee in the following cases . . . eighth — by reason of money or credits due for wages . . . unless such attachment is authorized in advance by written permission endorsed on the writ ...”
*276 We have therefore the situation where by the provisions of Chapter 343 of the Acts of 1938 written permission to attach wages must be endorsed upon the writ and signed by a justice, associate justice or special justice of the court in which the action is commenced, the further statutory provision respecting changes in writs and the absence of any change in the form of the trustee writ requiring the insertion in the body thereof of the provisions of said chapter 343. In our opinion the requirement that a copy of the writ be served upon the trustee does not mean that so much of the writ as has been approved by the Supreme Judicial Court alone is to be inserted in the copy. The provisions of said chapter 343, in our opinion, expanded the form of the writ for the purpose of copy beyond the form approved by the Supreme Judicial Court. It was clearly the intention of the legislature to restrict the attachment of wages and to inform the defendant and alleged trustees that authorization for the issuance of the writ as required by the statute had been obtained, thus permitting the trustee to pay or withhold wages as the case might require. To hold otherwise would result in the trustee in each case having to assume that authorization for the issuance of the writ had been given and at his risk to make or withhold payments. We cannot believe the legislature intended such uncertainty to follow the enactment of said chapter 343. Nor does it seem to us there is any conflict between the provisions of General Laws chap. 223, Sec. 16, and said Chapter 343. The authorization is an integral part of the writ for the purposes therein stated and hence such for the purposes of copy. Therefore in our opinion the plea in abatement was properly allowed and the denial of the requested rulings was not prejudicial.